## O'NEAL v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF FLORIDA.

No. 534.   Submitted May 4, 1903.—Decided June 1, 1903.

This was a proceeding in contempt and the contention was that on the facts no case of contempt was made out. *Held:*
(1) That the contention was addressed to the merits of the case, and not to the jurisdiction of the court, and therefore that the case did not come within the class of cases specified in section 5 of the judiciary act of March 3, 1891, in which the jurisdiction of the court is in issue.
(2) And that as the judgment was in effect a judgment in a criminal case, this court had no jurisdiction to revise it on error.

The case is stated in the opinion of the court.

*Mr. W. A. Blount* for plaintiff in error.

*Mr. B. C. Tunison* for defendant in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

This was a proceeding in the District Court of the United States for the Southern District of Florida, commenced by the

filing of an affidavit of Greenhut, a trustee in bankruptcy, charging W. C. O'Neal with contempt of court in committing an assault upon him.

A rule to show cause was entered and served on O'Neal, to which he filed a demurrer, assigning as grounds that the affidavit did not show that respondent had committed any offence of which the court had jurisdiction, or had done any act punishable by the court as a contempt thereof; or had committed any act of contempt against the court.

The demurrer was overruled and O'Neal answered. Hearing was had on the rule and answer, and evidence introduced on both sides, and the court found respondent guilty of the acts and things set forth in the affidavit, and that they constituted a contempt of court, and thereupon sentenced O'Neal to imprisonment in the county jail at Pensacola, Florida, for the term of sixty days.

The District Court certified the question of its jurisdiction for decision, and a writ of error directly from this court was allowed on the assumption that the case came within the first of the six classes of cases enumerated in section 5 of the judiciary act of March 3, 1891. That class embraces cases "in which the jurisdiction of the court is in issue," that is, where the power of the Circuit and District Courts of the United States to hear and determine is denied. *Smith* v. *McKay,* 161 U. S. 355; *Vance* v. *Vandercook Company,* (*No. 2,*) 170 U. S. 468, 472; *Mexican Central Railway Company* v. *Eckman,* 187 U. S. 429, 432.

But the question here is asserted in the certificate to be whether the District Court had " jurisdiction to try and punish the said defendant for contempt thereof, upon the facts and for the causes stated in said rule and affidavit."

Jurisdiction over the person and jurisdiction over the subject matter of contempts were not challenged. The charge was the commission of an assault on an officer of the court for the purpose of preventing the discharge of his duties as such officer, and the contention was that on the facts no case of contempt was made out.

In other words, the contention was addressed to the merits

of the case and not to the jurisdiction of the court. An erroneous conclusion in that regard can only be reviewed on appeal or error, or in such appropriate way as may be provided. *Louisville Trust Company* v. *Comingor*, 184 U. S. 18, 26; *Ex parte Gordon*, 104 U. S. 515.

And while proceedings in contempt may be said to be *sui generis*, the present judgment is in effect a judgment in a criminal case, over which this court has no jurisdiction on error. Section 5, act of March 3, 1891, 26 Stat. 826, c. 517, as amended by the act of January 20, 1897, 29 Stat. 492, c. 68; *Chetwood's Case*, 165 U. S. 443, 462; *Tinsley* v. *Anderson*, 171 U. S. 101, 105; *Cary Manufacturing Company* v. *Acme Flexible Clasp Company*, 187 U. S. 427, 428.

*Writ of error dismissed.*