**UNITED STATES ex rel. WEINER v. HILL, Warden.**

No. 69.

District Court, M. D. Pennsylvania.

June 25, 1935.

Julius I. Puente, of New York City, and Morgan S. Kaufman, of Scranton, Pa., for petitioner.

Walter L. Rice, Sp. Asst. to the Atty. Gen., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by Joseph Weiner, an inmate of the United States Northeastern Penitentiary, at Lewisburg, Pa. The writ was issued and the hearing held, after which arguments were made by counsel on the respective sides and written briefs filed.

In a suit in equity entitled United States of America v. Greater New York Live Poultry Chamber of Commerce et al., Equity No. 52—30, brought by the United States under the provisions of the Sherman Anti-Trust Act, the District Court for the Southern District of New York entered a decree enjoining 99 defendants from conspiring to restrain trade in live poultry in Greater New York, and especially enjoining them from doing certain enumerated acts. The offenses committed by the defendants and enjoined by the court included criminal offenses or acts under the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15 note).

Subsequently in a case entitled United States of America, Complainant and Petitioner v. Joseph Weiner, the petitioner herein, and other defendants, to Criminal No. C95—434, on petition of the United States attorney for the Southern District of New York a rule was granted on Joseph Weiner, the petitioner herein and other defendants, to show cause why the defendants should not be adjudged in contempt for having violated the injunction granted in the said case, entitled United States of America v. Greater New York Live Poultry Chamber of Commerce et al., and be adjudged and punished for same; and an information charging criminal contempt against Joseph Weiner et al. was filed.

The court heard the case without a jury; a jury trial having been waived by the parties. The petitioner was found guilty of contempt, and sentence was imposed on Joseph Weiner March 29, 1934, which was modified June 5, 1934, as follows: To one year and one day on paragraph 4 of the information; to two years on paragraph 5 of the information; and to two years on paragaph 6 of the information; sentences on paragraphs 4, 5, and 6 to run concurrently, making a total actual term of service of two years.

The petitioner contends that the proceeding in this case for contempt was properly and lawfully conducted under the provisions of section 21 and section 22 of the Clayton Act, 28 U. S. C. §§ 386 and 387 (28 USCA §§ 386, 387), and that under this act, § 22 (28 USCA § 387), the maximum term of imprisonment which could have been imposed upon him for contempt was six months, and that since he has already served six months in the United States Northeastern Penitentiary at Lewisburg, Pa., he is now entitled to be discharged. The respondent contends that the Clayton Act does not apply in this case, since section 24 of that act (28 USCA § 389) excepts contempts " * * * committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States; * * * " that this exception takes the proceeding and punishment out of the provisions of sections 21 and 22 of the Clayton Act, leaving the procedure for the trial of the charge of contempt and the punishment thereof to section 268 of the Judicial Code, 28 U. S. C. § 385 (28 USCA § 385), which authorizes the federal courts to punish contempts by fine or imprisonment at the discretion of the court.

Section 21 of the Clayton Act, 28 U. S. C. § 386 (28 USCA § 386), provides as follows: "Any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia by doing an act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed shall be proceeded against for his said contempt as hereinafter provided."

Section 22 of the Clayton Act, 28 U. S. C. § 387 (28 USCA § 387), provides: "Whenever it shall be made to appear to any district court or judge thereof, or to any judge therein sitting, by the return of a proper officer on lawful process, or upon the affidavit of some credible person, or by information filed by any district attorney, that there is reasonable ground to believe that any person has been guilty of such contempt, the court or judge thereof, or any judge therein sitting, may issue a rule requiring the said person so charged

to show cause upon a day certain why he should not be punished therefor, which rule, together with a copy of the affidavit or information, shall be served upon the person charged, with sufficient promptness to enable him to prepare for and make return to the order at the time fixed therein. If upon or by such return, in the judgment of the court, the alleged contempt be not sufficiently purged, a trial shall be directed at a time and place fixed by the court. * * * In all cases within the purview of sections 381 to 383, 386 to 390 of this title, section 412 of Title 18, section 52 of Title 29 and sections 12 to 27 of Title 15, such trial may be by the court, or, upon demand of the accused, by a jury; in which latter event the court may impanel a jury from the jurors then in attendance, or the court or the judge thereof in chambers may cause a sufficient number of jurors to be selected and summoned, as provided by law, to attend at the time and place of trial, at which time a jury shall be selected and impaneled as upon a trial for misdemeanor; and such trial shall conform, as near as may be, to the practice in criminal cases prosecuted by indictment or upon information.

"If the accused be found guilty, judgment shall be entered accordingly, prescribing the punishment, either by fine or imprisonment, or both, in the discretion of the court. Such fine shall be paid to the United States or to the complainant or other party injured by the act constituting the contempt, or may, where more than one is so damaged, be divided or apportioned among them as the court may direct, but in no case shall the fine to be paid to the United States exceed, in case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months. * * *"

The respondent contends that under section 24 of the Clayton Act (28 USCA § 389) the procedure and punishment under sections 21 and 22 of the Clayton Act do not relate to or control this case, since the contempt committed was entered in a suit or action brought or prosecuted in the name of the United States, but that section 268 of the Judicial Code (28 USCA § 385) provides the procedure and punishment by giving the courts power to impose and administer all necessary oaths and to punish by fine or imprisonment at the discretion of the court contempts of their authority.

But the exception made in section 24 of the Clayton Act relates to contempts committed in disobedience of any "lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States," which indicates that the contempt intended is one committed in violation of an order or injunction in a civil suit or action brought or prosecuted in the name of or on behalf of the United States to restrain an act or acts not criminal, not offenses or crimes, but an act or acts wrong or injurious of a civil nature. Where the act or acts to be enjoined are wrongs or injuries of a civil and not of a criminal nature, a civil suit or action is brought, and not a criminal action in the first instance. Here the original act or acts, offenses against the Sherman Anti-Trust Act, 15 USCA §§ 1–7, 15 note, were criminal and not civil, and any suit to restrain such acts would be necessarily in the nature of criminal actions or suits and not civil actions or suits, and the terms used in the exception of section 24 of the Clayton Act (28 USCA § 389) indicate a civil action in form and substance for the redress or prevention of a civil wrong. It is clear, therefore, that the exception made in section 24 of the Clayton Act does not relate to or control this case and does not take the proceeding or the punishment for the contempt here out of the provisions of the Clayton Act.

The procedure provided by sections 21 and 22 of the Clayton Act was followed literally in the trial of the contempt charged against Weiner, including the jury trial which was waived, excepting as to punishment, as clearly indicated from the record, which shows that all the parties to this case including the court considered that the Clayton Act governed this case.

Furthermore, since the parties followed the procedure of sections 21 and 22 of the Clayton Act (28 USCA §§ 386, 387) and not the procedure of section 268 of the Judicial Code (28 USCA § 385), and the court tried the defendant according to these sections of the Clayton Act, the punishment must follow the act under which the defendant, here the petitioner, was charged and tried, which provides that in no case shall such imprisonment exceed the term of six months.

Since an imprisonment of six months was the maximum term to which the petitioner could have been sentenced, and since

he has served this period of imprisonment, he is now entitled to release, and his petition for release under the writ of habeas corpus must be granted.

And now, June 25, 1935, it is ordered that the petition for a writ of habeas corpus be and the same hereby is sustained, the writ of habcas corpus granted, and the petitioner, Joseph Weiner, discharged from the custody of Henry C. Hill, warden of the United States Northeastern Penitentiary, at Lewisburg, Pa.