## HILL, WARDEN, *v.* UNITED STATES EX REL. WEINER.

No. 171. Argued January 11, 1937.—Decided February 1, 1937.

*Assistant Attorney General Dickinson,* with whom *Solicitor General Reed,* and *Messrs. Wendell Berge* and *Walter L. Rice* were on the brief, for petitioner.

*Mr. Seth W. Richardson,* with whom *Messrs. Samuel H. Kaufman* and *Eugene M. Parter* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The relator, Weiner, was convicted in a federal district court of violating a decree entered against him and numerous others by that court in a suit in equity brought by the United States under the Sherman Anti-trust Act, Title 15 U. S. C., §§ 1, 2, 4. He, with others, was charged

by information with the commission of several specified acts in violation of the decree, constituting criminal contempts. Upon a trial before the court sitting without a jury, he was found guilty and sentenced for certain of the contempts to imprisonment for six months in the House of Detention, and for other contempts for two years additional in the penitentiary. Upon his application and consent, the first part of the sentence was increased from six months in the House of Detention to a year and a day in the penitentiary, but to run *concurrently* with the two years' imprisonment.

On June 5, 1935, he was committed to the penitentiary. At the end of eleven months, he applied by petition to another federal district court to be discharged on habeas corpus, on the ground that the first court was without power to sentence him for a period of more than six months; and, having served that long, that he was entitled to be set at liberty.

The district court accepted that view, granted the writ, and ordered the relator discharged. 11 F. Supp. 195. Upon appeal, the court below affirmed the order. 84 F. (2d) 27.

The case involves a consideration of §§ 21, 22 and 24 of the Clayton Act, Title 28 U. S. C. §§ 386, 387 and 389.* Section 21, so far as pertinent, provides that any person who shall willfully disobey any lawful decree of the federal district court by doing any act or thing thereby forbidden to be done by him, if of a character to constitute also a criminal offense under any statute

---

* SEC. 21. Any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall

of the United States or laws of any state in which the act was committed, shall be proceeded against as thereafter provided. Section 22 provides for trial by the court or, upon demand of the accused, by a jury. If found guilty, punishment is to be either by fine or imprisonment or both, in the discretion of the court, "but in no case shall the fine to be paid to the United States exceed, in case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months." Section 24, however, provides that "nothing herein contained [§§ 21, 22, 23, 25] shall be construed to relate to contempts committed in disobedience of any lawful . . . decree . . . entered in any suit or action brought or prosecuted in the name of, or on behalf

---

be proceeded against for his said contempt as hereinafter provided. Title 28 U. S. C. § 386.

SEC. 22. . . . In all cases within the purview of this Act such trial may be by the court, or, upon demand of the accused, by a jury; . . .

If the accused be found guilty, judgment shall be entered accordingly, prescribing the punishment, either by fine or imprisonment, or both, in the discretion of the court. Such fine shall be paid to the United States or to the complainant or other party injured by the act constituting the contempt, or may, where more than one is so damaged, be divided or apportioned among them as the court may direct, but in no case shall the fine to be paid to the United States exceed, in case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months. Title 28 U. S. C. § 387.

SEC. 24. Nothing herein contained [that is in §§ 21, 22, 23, 25] shall be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced within section twenty-one of this Act, may be punished in conformity to the usages at law and in equity prevailing on October 15, 1914. Title 28 U. S. C. § 389.

of, the United States, but the same, and all other cases of contempt not specifically embraced within section twenty-one . . . may be punished in conformity to the usages at law and in equity prevailing on October 15, 1914." If § 24 applies, the sentence was within the statutory authority of the court.

*First.* The court below held, and relator here contends, that the limitation of imprisonment to six months is not affected by the provisions of § 24. A similar question was before this court in *United States* v. *Goldman,* 277 U. S. 229, and was there decided contrary to the views of the court below. In that case, an information was presented by the United States to a federal district court, charging Goldman and others with criminal contempts committed by acts in violation of an injunction decreed by that court in an equity suit brought by the United States. The information was dismissed on the ground that under § 25 of the Clayton Act, the prosecution was barred by the statute of limitations. This court reversed. Section 25 provides that no proceeding for contempt shall be instituted unless begun within one year of the act complained of; but we held that the specific exception contained in § 24—"nothing herein contained"—applied to all provisions of the act relating to prosecutions for criminal contempts, and therefore applied to § 25, "as well as to the other sections," and that the one-year limitation prescribed by § 25 was without application to a case brought for the disobedience of a decree entered in a suit prosecuted by the United States.

That decision controls here. The object of § 24 clearly was to limit the application of the provisions of § 22, and the other sections named, to prosecutions for contempt arising out of cases instituted by private litigants.

*Second.* We find nothing in the further contention that this view of the statute results in a discrimination

in the matter of punishment so arbitrary as to deny due process of law to relator. Whatever may be the restraint against discriminatory legislation imposed by the due process of law clause of the Fifth Amendment, it is not encountered by the legislation here. The constitutional power of Congress to prescribe greater punishment for an offense involving the rights and property of the United States than for a like offense involving the rights or property of a private person reasonably cannot be doubted. Compare *Pace* v. *Alabama,* 106 U. S. 583.

*Judgment reversed.*