The brief filed for the petitioner is largely beside the point. No one has contended that this Court should ascertain whether the Wage and Hours Law, 29 U.S.C.A. § 201 et seq. applies, before granting an order to enforce the subpoena. It was suggested, and with reason as I believe, that if the petitioner could acquire the desired information without the interference with the conduct of the respondent's business that would be entailed by the production of an impressive array of its records at a comparatively distant office, the ends of justice to both the petitioner and the respondent would be served. In other words, that the power of subpoena was not arbitrarily to be enforced, if it had been needlessly invoked.

So long as the courts are retained in our legal system, their duty will remain of considering both sides of a given controversy; in obedience to that duty as presently understood, the order will contain the provisions above stated, and is to be settled on notice.

## JNITED STATES v. GRAND FLOWER & ORNAMENT CO., Inc., et al.

District Court, S. D. New York.

Oct. 5, 1942.

Mathias F. Correa, U. S. Atty., of New York City, for plaintiff.

Barry & Katzman, of New York City, for respondents.

KENNEDY, District Judge.

This matter is before the Court upon a motion of the Government to strike the demand for a jury by the respondents. It arises out of a consent decree against respondents in a proceeding involving the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., which decree, the Government claims, has been violated by defendants in such a manner as to constitute a contempt. The original proceeding was brought in the name of the Administrator of the Wage and Hour Division, Department of Labor.

The Government here challenges the right of the respondents to a trial by jury upon the contempt charge. I gather from the argument and trial briefs of counsel that the practical point in controversy between them is whether or not the proceeding comes within the purview of Section 385 of Title 28 U.S.C.A., or of Sections 381 to 383 and 386 to 390 of the same title. If the proceeding comes under the latter, a jury trial appears to be allowed, but if it comes under Section 385, it is not mandatory.

Under Sections 381 etc., it is provided that they shall not apply to contempts committed in the presence of the Court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, or other rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of the United States, which classes of proceedings for contempt it is provided should be proceeded against in the manner already provided by statute.

Applying this statute to the case at bar, it would appear that the original suit upon

which the contempt proceeding is based was prosecuted "on behalf of, the United States," inasmuch as it was brought by the Administrator under the Wage and Hour Law, a United States official, in pursuance of a special statute. If this be the correct construction of the statute, then a trial for contempt by jury is not assured the respondents, but the proceeding may be brought under Section 385. This seems to be the logic of the opinion of the Supreme Court in Hill v. United States, 300 U.S. 105, 57 S.Ct. 347, 81 L.Ed. 537, where the sections relied upon by respondents are partially construed. The particular form of procedure in presenting the contempt to the Court would not appear to be material.

For the reasons stated, the motion to strike the demand for a jury on the part of the respondents will be sustained, and an order may be entered accordingly, reserving exceptions to respondents.

## WILSON v. JOHNSTON, Warden.
### No. 23665–S.

District Court, N. D. California, S. D.

Oct. 5, 1942.

Herbert Wilson, of Alcatraz, Cal., in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks his release from Alcatraz Prison upon a writ of habeas corpus, claiming that his detention is illegal because the judgments and commitments upon which he is held are void.

Upon hearing it appears that two indictments were returned against petitioner in the United States District Court for the Eastern District of Tennessee, Northern Division, on June 5, 1939, numbered, respectively, 13166 and 13167.

In case No. 13166, containing three counts, petitioner is charged with conspiracy and violation of § 588b, 12 U.S.C.A.; and in case No. 13167 petitioner is charged with the unlawful transportation of a female in interstate commerce for immoral purposes.

Petitioner pleaded guilty to both indictments, whereupon he was sentenced to serve seven and one-half years on each indictment to run consecutively. These judgments were never entered nor commitments issued thereon. Believing the judgments to be erroneous, the Judge presiding, without petitioner being present in court, pronounced new judgments sentencing petitioner in case No. 13166 to two years on the first count and ten years on the second and third counts, to run concurrently, and in case No. 13167 to five years, to commence at the expiration of the sentence in case No. 13166. Upon the new sentences judgments were entered and commitments were issued, under which petitioner is detained. These facts are undisputed and are substantiated by letters from the Judge presiding and the Clerk of the court.

Petitioner's contention that the sentences imposed by the court in his absence are void (Price v. Zerbst, D.C., 268 F. 72) is not disputed by the government, but it is contended that the original judgments, of which there is no record and upon which commitments were not issued, are still in full force and effect, and that petitioner must serve twelve and one-half years before he may be heard upon habeas