WALLING, Adm'r of Wage and Hour Division, v. MEN'S HATS, Inc.

Civil Action No. 1022.

District Court, D. Maryland.

July 17, 1945.

Douglas Maggs, Sol., and Archibald Cox, Asst. Sol., both of Washington, D. C., Lemuel H. Davis, Regional Atty., of

804

Richmond, Va., and Joseph R. Hirschmann, Atty., of Baltimore, Md., all of Department of Labor, for plaintiff.

John H. Skeen and Frank, Skeen & Oppenheimer, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The original complaint in this case was filed February 7, 1941. It prayed an injunction to restrain the defendant from violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., in various particulars. The defendant consented to the entry of a final judgment in favor of the plaintiff and consequently on February 8, 1941 the order or decree for injunction was signed and filed.

Nothing further transpired in the case until on September 20, 1944, the plaintiff filed an application for the adjudication of the defendant as in contempt of court by reason of alleged violations of the injunction. On the same day an order was passed requiring the defendant to show cause on or before the 10th day of October, 1944, why they should not be adjudged guilty of contempt. To this order the defendant filed an answer on October 9, 1944, and on February 26, 1945, the defendant filed a demand for a jury trial in the case. On March 14, 1945 the plaintiff filed a motion to strike out the demand for a jury trial on the ground that the defendant was not entitled thereto in this particular proceeding.

■ After hearing counsel orally and consideration of their briefs, I have reached the conclusion that the motion to strike the demand for a jury trial should be granted.

There seems to be no doubt that the present proceeding presents a case within the power and jurisdiction of the court to discipline the defendant if in fact it has violated the injunction. The nature of the violation is alleged failure to comply with the provisions of the Fair Labor Standards Act with respect to the hours and wages of employes. The nature of the contempt charged is, therefore, the requested discipline of the defendant corporation for failure to pay sufficient wages to its employees.

The defendant's position is that the proceeding is in the nature of a criminal contempt; but the plaintiff's stated position is that the proceeding is for a civil contempt. The formal procedure in the case and the nature of the general subject matter itself is indicative of a civil rather than a criminal contempt proceeding. I, therefore, accept the plaintiff's stated characterization of the proceeding as a civil contempt for the present purpose.

■ The defendant apparently bases its demand for a jury trial upon 28 U.S.C.A. § 386, being the Act of October 15, 1914, c. 323, § 21, 38 Stat. 738. The enactment of this section has a well known history and was passed for a very particular purpose. I have some doubt, despite the possible literal application of the language of the section, that the present proceeding is one within the purview of the section. But even if it is, there is valid exception to its application stated in section 389 of title 28 U.S.C.A. which was originally section 24 of the Act which I find here applicable. Apart from section 386 I find no warrant in prior customary legal or equitable procedure for the defendant's demand for a jury trial in a case of this character, as a matter of right, whether the proceeding be civil or criminal.

■ It has also been suggested that although not demandable as a right, the case is one in which the court may very properly submit the issue of fact to an advisory jury. But in view of the historic equity procedure in matters of this kind, I conclude that the issue of fact involved in the proceeding should be determined by the court without the intervention of even an advisory jury.

The plaintiff's motion to strike the defendant's demand for a jury trial is, therefore, hereby granted and the demand stricken out. See United States v. Grand Flower & Ornament Co., D.C.N.Y., 47 F. Supp. 256, which seems to be the only fully reported case directly in point. And see also United States ex rel. Walling v. Boblocki & Sons, D.C.E.D.Wis., 2 Wage & Hour Cases p. 824. Cf. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874; Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, and McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108.