## UNITED STATES v. DEAN RUBBER MFG. CO. et al.

### No. 638.

District Court, W. D. Missouri, W. D.

Aug. 1, 1947.

See also 71 F.Supp. 96.

Sam M. Wear, U. S. Dist. Atty., and Harry F. Murphy, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for plaintiff.

Paul R. Stinson, Dick H. Woods, Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for defendants.

RIDGE, District Judge.

Contemnors herein have moved to dismiss the "Third Amended Information" on the ground that the several alleged criminal violations of the injunctive decree charged therein, having occurred more than one year before the filing of said information, are barred by limitations provided in 28 U.S.C.A. § 390, Section 25 of the Clayton Act.

The final injunction decree upon which said information is premised was entered on September 11, 1940, in an action instituted by the United States for that purpose,

perpetually enjoining and restraining the Dean Rubber Manufacturing Company, a corporation, its officers and agents, and persons then or thereafter acting by, through or under it, or them, from distributing in interstate commerce any of the stock of defective rubber prophylactics which it then had on hand at North Kansas City, Missouri, or at any other point, or any other quantity of defective rubber prophylactics which it might subsequently acquire, "defective," within the meaning of the order; except in compliance with the Federal Food, Drug, and Cosmetic Act, 52 Stat. 1041, etc., 21 U.S.C.A. § 381(d).

Section 302(b) of the Federal Food, Drug and Cosmetic Act, 52 Stat. 1043, Title 21 U.S.C.A. § 332(b), provides that "in case of violation of an injunction * * * issued under (the act), which also constitutes a violation of (the act) * * *" the trial for such violation may be before the Court, or a jury if requested, and "shall be conducted in accordance with the practice and procedure applicable in the case of proceedings subject to the provisions of section 387 of Title 28, as amended."

 Section 387 of Title 28 U.S.C.A. is Section 22 of the Clayton Act. The Clayton Act governs the procedure in criminal contempts which consist of "criminal offenses" under any statute of the United States or of any State, except insofar as certain contempts are expressly excluded from its terms. The Clayton Act is neither a grant nor a limitation on the powers of the Federal Courts to punish for contempts, but only prescribes and limits the procedure as to punishment for contempts within the purview thereof. After enumerating the contempts as to which the procedure of the Clayton Act is to be followed, Section 24 of said Act, Title 28 U.S.C.A. § 389, expressly excludes from its operations, (1) contempts committed in, or near to, the presence of the Court as to obstruct the administration of justice, and (2) "contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." As to the latter excluded criminal contempts from the provisions of the Clayton Act, it is held that

they fall under the general three-year statute of limitation, Title 18 U.S.C.A. § 582, United States v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862; Hill v. United States ex rel. Weiner, 300 U.S. 105, 57 S. Ct. 347, 81 L.Ed. 537; and that as provided in Section 24 of said Act, Title 28 U.S.C.A., § 389, punishment therefor may be assessed "in conformity to the usages at law and in equity prevailing on October 15, 1914." If the instant action was prosecuted by the United States under the Anti-Trust Act, or similar Act of Congress, there could be no doubt but that the alleged criminal contempts here sought to be prosecuted would not be barred by the one-year period of limitation provided in Section 25 of the Clayton Act, Title 28 U.S.C.A. § 390. United States v. Goldman and Hill v. United States, supra.

Contemnors maintain, however, that Section 302(b) of the Federal Food, Drug and Cosmetic Act, supra, by expressly subjecting proceedings for violations of injunctions under that Act to the same rules as proceedings under Section 22 of the Clayton Act, supra, made an "exception to the exception" contained in the Clayton Act as to criminal contempts prosecuted by the United States, because all proceedings instituted for the enforcement, or to restrain violations of the Federal Food, Drug and Cosmetic Act, are brought in the name of the United States. 21 U.S.C.A. § 337. They say, "what a futile thing would Congress have done if * * * all injunction violations under the Food and Drug Act are governed the same as proceedings under Section 387, but since Section 389 (Title 28 U.S.C.A. §§ 387, 389) exempts all such proceedings, Congress merely puts such proceedings within the Clayton Act and by the same words took them out from under the Clayton Act."

 Section 302(b) of the Federal Food, Drug and Cosmetic Act, Title 21 U.S.C.A. § 332(b), did not place criminal contempt proceedings for violations of injunctions procured by the United States, under the Food and Drug Act within the purview of all the provisions of the Clayton Act. All that is accomplished by the provisions of Section 302(b) supra, is to incorporate into the Federal Food, Drug,

and Cosmetic Act one section of the Clayton Act (Section 22) which section sets up a procedure to be followed in the trial and punishment of contempts for violations of an injunction procured under the Federal Food, Drug and Cosmetic Act. Notice the language used in Section 302(b), supra, is that "trials" for contempt in case of violation of an injunction procured under the Federal Food, Drug and Cosmetic Act are to "be conducted in accordance with the practice and procedure applicable in the case of proceedings subject to the provisions of Section 387 of Title 28, as amended." The only "proceedings" that are "subject to the provisions of section 387," supra, are criminal contempt proceedings arising in litigations where the "order * * * decree or command entered" is *not* "in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." In other words, in litigation of a private nature, and such criminal contempts as are committed and prosecuted under miscellaneous Federal statutes authorizing punishment for contempt without designating the particular contempt as civil or criminal and generally containing no provisions as to procedure, as in the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Rules 37(b) (1), 45(f), 56(g) and 70. In providing that Section 22 of the Clayton Act shall be the procedure to be followed in prosecution of alleged contempts for violation of injunctions procured under the Federal Food, Drug and Cosmetic Act, Congress established a limited special procedure to be followed in such cases and took such contempt actions out of the procedure generally followed "at law and in equity" in cases wherein the United States was the party procuring an injunction decree or order. Without such limitation contained in Section 302(b) of the Federal Food, Drug and Cosmetic Act, the alleged contumacious conduct here charged against contemnors would be prosecuted under Section 268 of the Judicial Code, Title 28 U.S.C.A. § 385. In changing the procedure previously established as to criminal contempts prosecuted in the name of the United States so far as such contempts may arise under the Federal Food, Drug and Cosmetic Act, Congress did not provide that other sections of the Clayton Act (other than Section 22 thereof) be made applicable to contempt proceedings arising under the Federal Food, Drug and Cosmetic Act, as asserted by contemnors. To sustain such contention would work the anomalous situation which contemnors state, namely, that Congress "put such proceedings within the Clayton Act and by the same words took them out from the Clayton Act." Section 24 of the Clayton Act, Title 28 U.S.C.A. § 389, would produce such a paradoxical result. Under contemnors' position, all the sections of the Clayton Act relating to contempt proceedings must be presumed to have been intended by Congress to apply to criminal contempt proceedings instituted under the Federal Food, Drug and Cosmetic Act, and not only Sections 22 and 25 thereof. Title 28 U.S.C.A. §§ 387, 390. To make such assumption is to charge Congress with being a paradoxer. Congress cannot be so charged with such self-annulling action as asserted by contemnors.

 Section 24 of the Clayton Act, supra, is not specifically made to apply to contempt proceedings instituted under the Federal Food, Drug and Cosmetic Act as is Section 22 of said Act. Section 24 of the Clayton Act establishes a limitation of action. A statute creating a limitation against the bringing of an action is never assumed to be effective as against actions instituted by the Federal Government and is only effective against such actions when specifically made so. Exemption from statutes of limitation ordinarily is implied in favor of the State and Federal Government. 34 Am.Jur. 303, etc.

From what has been heretofore said, it is not necessary to discuss other points raised by contemnors in their briefs.

### Order.

Contemnors' motion to dismiss this action is by the Court overruled.