**UNITED STATES of America,**
Plaintiff,

v.

**WILSON–WILLIAMS, INC., and**
**Jack Elliott, Defendants.**

United States District Court
S. D. New York.
Nov. 23, 1959.

S. Hazard Gillespie, Jr., U. S. Atty.,
Southern Dist. of New York, New York
City, for plaintiff; Myron J. Wiess, Asst.
U. S. Atty., New York City, of counsel.

Bass & Friend, New York City, for defendants, Solomon H. Friend, New York
City, of counsel.

METZNER, District Judge.

The United States has brought an action for an injunction to prevent the introduction into interstate commerce of an allegedly misbranded product claimed to be a dietary aid. § 302(a) of the Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 332(a). Defendant objects to the interrogatories propounded pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The individual defendant has already declined to answer interrogatories, invoking his Fifth Amendment privilege.

Aside from the usual objections to in-·terrogatories, the defendant corporation challenges the right of the Government to propound any interrogatories to it on the ground that the Federal Rules of Civil Procedure, particularly Rule 33, are inapplicable in this type of action.

Two questions are presented: (1) Does the Food, Drug, and Cosmetic Act by its terms expressly or impliedly make the discovery rules inapplicable to injunction actions under § 302(a)? (2) Does

Rule 1 or 81, or both, make such rules inapplicable to this case?

■ It seems clear, in answer to the first question, that there is nothing in the Food, Drug, and Cosmetic Act that expressly or impliedly makes the usual discovery procedures inapplicable to a § 302 (a) injunction action. To support its argument, defendant corporation relies on the case of United States v. Dean Rubber Mfg. Co., D.C.W.D.Mo.1947, 72 F.Supp. 819.

In Dean Rubber the question at issue was whether in an action for contempt under § 302(b) for disobedience of an injunction gained under § 302(a), a special one-year statute of limitations in the Clayton Act applied or whether the three-year statute of limitations applicable generally in actions by the Government for contempt governed. Since § 302 (b) made the then § 22 of the Clayton Act, 18 U.S.C.A. § 402 applicable in regard to the procedure to be followed at the trial, the defendant argued that all other portions of the Clayton Act relating to contempt were applicable as well. The court in holding that the general statute of limitations was applicable rejected this argument, stating:

"In providing that Section 22 of the Clayton Act shall be the procedure to be followed in prosecution of alleged contempts for violation of injunctions procured under the Federal Food, Drug, and Cosmetic Act, Congress established a limited special procedure to be followed in such cases and took such contempt actions out of the procedure generally followed 'at law and in equity' in cases wherein the United States was the party procuring an injunction decree or order." Dean Rubber, 72 F.Supp. at page 821.

This quotation, when read in the context of the decision, clearly indicates that the words "limited special procedure" were used by the court to mean that only the special procedure of § 22 of the Clayton Act was to be looked to for deviations from procedure generally followed "at law and in equity" and not that where § 22 did not specify a deviation it was nevertheless exclusive and barred use of a general rule.

Moreover we are dealing here with a § 302(a) case, and not a § 302(b) case which was before the court in Dean Rubber. § 302(a) provided that the district courts' jurisdiction is subject to the provisions of § 17 of the Clayton Act (28 U.S.C.A. § 381) relating to notice to an opposite party. However, § 17 of the Clayton Act was subsequently repealed and Congress placed its provisions in Rule 65 of the Federal Rules of Civil Procedure so that it is now a rule general to all injunction suits. Thus it would seem logical to assume that if there was any specific Congressional intent as to the procedure to be followed in § 302(a) actions, it was that the body of Federal Rules within which Congress placed former § 17 of the Clayton Act was applicable.

■ Defendant also argues that the inclusion of specific investigatory powers in the Food, Drug, and Cosmetic Act (§§ 702, 703 and 704, 21 U.S.C.A. §§ 372, 373, 374), and specifically the grant of immunity from prosecution to those persons required to permit the copying of their records concerning interstate shipments, implies that Congress intended the procedure to be exclusive. § 703 provides, generally, that carriers engaged in interstate commerce and persons receiving food, drugs, or cosmetics in interstate commerce or holding such articles so received must permit the Secretary at reasonable times to copy all records showing the movement in interstate commerce of any food, drug, device, or cosmetic, or possession thereof during or after movement, the quantity thereof and the name of the shipper and consignee. It further provides an immunity from criminal prosecution for the person from whom the evidence was obtained. Defendant argues that by permitting the Government to use the discovery proce-

dures in the Federal Rules, the safeguards provided in the Act will be circumvented. In United States v. 75 Cases, 4 Cir., 1944, 146 F.2d 124, certiorari denied 1945, 325 U.S. 856, 65 S.Ct. 1183, 89 L.Ed. 1976, the court in interpreting § 703 as to an investigation prior to a libel for condemnation of impure food stated:

> "In connection with Section 373 [§ 703] of the Act, there is no ground for the application of the maxim expressio unius est exclusio alterius. We interpret this section, rather as affording a cumulative procedure to the Government, without restricting other avenues of information." 146 F.2d at page 127.

If the Secretary is not bound to use only the specified discovery weapons provided by the Act in an investigation to determine whether the Act has been violated, *a fortiori* there seems to be no reason to believe that Congress intended that the enumerated investigatory powers of the Secretary excluded the Government from use of the discovery procedure under the Federal Rules in a plenary action for an injunction.

The interrogatories by the Government do not ask for any information which if asked for from defendant under § 703 would furnish an immunity from criminal prosecution. Defendant corporation does not seem to be within the class of persons to whom immunity could be afforded under § 703, since that section refers only to "carriers engaged in interstate commerce, and persons receiving food, drugs, devices, or cosmetics in interstate commerce or holding such articles so received." The defendant corporation is in the business of selling and distributing R.X.–120 in interstate commerce. Obviously immunity would not extend to the giving of such information by persons other than those enumerated. However, as was indicated in United States v. 75 Cases, supra, the provision in § 703 granting immunity from criminal prosecution was put in to

make it easier for the Secretary to carry on his investigatory functions, not to place safeguards in the statute which go beyond those constitutionally required. The statute defines a "corporation" as a "person". Even if defendant corporation were in the protected class and furnished information on the Secretary's request under § 703, it does not follow that Congress intended to grant the corporation immunity or intended to enable the corporation to refuse to divulge such information if another means of gaining the information were pursued. Provisions placed in a regulatory statute to enable an administrator to more easily investigate violations of the statute should not be read unless expressly so stated to restrict the Government from expeditiously enforcing federal law. United States v. 75 Cases, supra, 146 F.2d at page 127. It is clear that a corporation cannot claim the Fifth Amendment, Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Cf. United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, and this is true even if the question propounded by interrogatory under Rule 33 might tend to incriminate. United States v. 42 Jars, D.C.D.N.J.1958, 162 F.Supp. 944, affirmed 3 Cir., 1959, 264 F.2d 666. But, although the defendant here admits this to be true, it wishes us to find such a privilege nevertheless by a circumlocutory device. It would read the provisions of the Food, Drug, and Cosmetic Act granting the Secretary broad investigatory powers as a limitation on the power of the Government to have the corporation answer questions in a plenary injunction suit brought under that statute.

The defendant also relies on a broad proposition that administrative investigatory powers provided for in a statute preclude the use of the discovery procedures. In all the cases brought to the court's attention, the action by the administrative body was a summary proceeding and in all those cases the ques-

tion was raised by the defendant who wished the "safeguards" of the Federal Rules, such as service of process, and finding of facts and law. In Goodyear Tire & Rubber Co. v. N. L. R. B., 6 Cir., 1941, 122 F.2d 450, 451, 136 A.L.R. 883, the court in holding that the Federal Rules were not generally applicable where the N. L. R. B. sought enforcement of a subpoena stated:

"Obviously, if the enforcement of valid subpoenas, the issuance of which is a mere incident in a case, were to require all the formalities of a civil suit, the administrative work of the Board might often be subject to great delay."

The rationale of all of the cases which the defendant cites is to the same effect. None of the cases apply to a proceeding which Congress has chosen to be determined as a plenary matter in the federal courts.

■ Defendant also argues that Rules 1 and 81 of the Federal Rules of Civil Procedure make the discovery procedures inapplicable to the present case. As to the exception from the rules of actions for "forfeiture of property for violation of a statute of the United States", contained in Rule 81(a) (2), it would seem enough to say that "forfeiture" is a word of art and does not include suits for the enjoining of prospective acts.

■ The final argument of defendant is predicated on the wording of Rule 1 of the Federal Rules of Civil Procedure which states that the "rules govern the procedure in the United States district courts in all suits of a civil nature." It is claimed that this proceeding is criminal in nature and therefore bars the application of Rule 33. I disagree with defendant's characterization of this proceeding being criminal in nature. An enforcement procedure, in addition to the one at bar, provided for by the Food, Drug, and Cosmetic Act is seizure by condemnation proceedings. § 304(b), 21 U.S.C.A. § 334. It has been held in such proceedings that the Federal Rules of Civil Procedure do apply. United States v. 5 Cases, 2 Cir., 1950, 179 F.2d 519, certiorari denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372. See also United States v. 75 Cases, supra, 146 F.2d at page 127. In this posture of the law this is not criminal in nature.

Defendant relies heavily upon Boyd v. United States, 1886, 116 U.S. 616, 6 S. Ct. 524, 29 L.Ed. 746. That was an action for forfeiture which was criminal or quasi-criminal in nature. Similarly, in United States v. Solomon, D.C.D.Ill. 1944, 3 F.R.D. 411 the action was for a fine or penalty. Even if the defendant here was an individual he could only object to answering specific questions propounded pursuant to Rule 33 on the ground of self-incrimination, but that is different from objecting to the applicability of discovery procedures as such.

### Disposition of Objections to Specific Interrogatories

The interrogatories propounded by the Government contain some 450 items in 25 pages. The objections thereto are disposed of as follows:

1. So much of Interrogatory No. 3 is stricken as follows the word "report" on the last line of Page 1, to the end of the sentence.

2. Interrogatories Nos. 5(D), 5 (E), 5(G) through 5(Q), and 5(T) are stricken.

3. I assume that Interrogatories Nos. 6 through 12 relate to the defendant in this action and that the denomination "Wilson-Williams Corporation" is a typographical error. If not then Interrogatories Nos. 6 through 12 are stricken. If so then only Interrogatories Nos. 8, 10 and so much of Interrogatories Nos. 11 and 12 as refers to Interrogatories Nos. 8 and 10 are stricken.

4. Interrogatory No. 15(f) is stricken.

5. Interrogatories Nos. 18(c) through 18(i) are stricken.

6. Interrogatory No. 21 is stricken.

7. Interrogatory No. 22(b) is stricken.

8. Interrogatories Nos. 25(d), 25(e), 25(g) through 25(l), and 25(p) are stricken.

9. Interrogatories Nos. 26(d) and 26(f) through 26(o) are stricken.

10. Interrogatories Nos. 27(b) through 27(n) are stricken.

11. Interrogatories Nos. 34 through 41 are stricken.

The motion is otherwise denied. Interrogatories are to be furnished on or before December 31, 1959. So ordered.