**UNITED STATES of America,**
Appellee,

v.

**Robert BIALKIN, Petitioner-Appellant.**

No. 479, Docket 28886.

United States Court of Appeals
Second Circuit.

Argued April 30, 1964.

Decided May 14, 1964.

Jay Gold, Asst. U. S. Atty., Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., David M. Dorsen and Robert J. Geniesse, Asst. U. S. Attys., on the brief), for appellee.

Richard Owen, New York City (Morton J. Turchin, New York City, on the brief), for petitioner-appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, District Judge, denying a motion to set aside appellant's sentence and release him from custody. We find no error in the denial of the motion and affirm the district court's order.

On November 10, 1959 the Securities and Exchange Commission brought a civil action in the district court to enjoin the appellant from engaging in deceptive purchases of securities in violation of sections 9(a) (1) and (2) and 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78i(a) (1) and (2) and 78j(b). Three days later, a consent decree was entered, permanently enjoining the appellant from engaging in the fraudulent activities described in the S. E. C.'s complaint.

On June 13, 1962 an indictment was filed in the district court charging the appellant and one Melvyn Kevin with defrauding stock brokers in 1961 and 1962 by falsely representing that they were able to pay for stock which they had purchased with the intent to default on payment if the stock declined. Since the practices charged in the indictment had

been enjoined in the consent decree entered in the S. E. C.'s civil suit, the Government asked the district court to enter an order to show cause why the appellant should not be punished for criminal contempt for wilfully violating the consent decree. The appellant subsequently pleaded guilty to the contempt charge, and the indictment was marked off the calendar. On March 29, 1963 the appellant was sentenced to two years imprisonment with execution suspended and was put on probation for four years. The indictment was *nolled* because of the appellant's guilty plea to the contempt charge.

On August 14, 1963 the appellant was charged with violating the terms and conditions of his probation. When the appellant admitted his violation, Judge Tyler revoked appellant's probation, vacated the suspension of execution of sentence, and sentenced appellant to imprisonment for a year and a day. At all relevant stages in the proceedings, appellant was assisted by competent counsel of his choosing. Appellant began serving that sentence on August 23, 1963.

■ Appellant's sole contention is that his sentence should be set aside under 28 U.S.C. § 2255 on the ground that he may not constitutionally be imprisoned for more than the penalty provided for petty offenses (six months as defined in 18 U.S.C. § 1) without being offered the right to a jury trial. The argument is entirely based on the following somewhat cryptic comment in footnote 12 of the majority opinion in United States v. Barnett, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964):

"However, our cases have indicated that, irrespective of the severity of the offense, the severity of the penalty imposed, a matter not raised in this certification, might entitle a defendant to the benefit of a jury trial. * * * In view of the impending contempt hearing, the effective administration of justice requires that this *dictum* be added: Some members of the Court are of the view that, without regard to the seriousness of the offense, punishment by summary trial without a jury would be constitutionally limited to that penalty provided for petty offenses."

Appellant contends that we are bound to apply this dictum, that we are bound to apply it retroactively, and that it requires setting aside the balance of his sentence.

■ We find it unnecessary to point out all the logical and legal fallacies in appellant's rather ingenious argument. Even if we assume that if the issue were properly presented, the Supreme Court would hold that where a defendant is summarily tried for contempt without a jury, punishment is constitutionally limited to six months, and that this constitutional principle must be retroactively applied, the appellant's motion must be denied. Unlike Barnett, Bialkin did not request a jury trial; indeed, he did not request a trial at all. Instead, while represented by competent counsel of his own choosing, appellant elected to plead guilty. The outstanding indictment against him for the same activities which led to the contempt charge was *nolled* as a result of his guilty plea. By pleading guilty to the indictment under such circumstances, appellant plainly would have waived any constitutional right to a jury trial if he had one.[1] See Matey v. Sacks, 284 F.2d 335 (6 Cir. 1960), cert. denied Matey v. Alvis, 364 U.S. 853, 81 S.Ct. 76, 5 L.Ed.2d 77; Bugg v. United States, 140 F.2d 848, 851 (8 Cir. 1944), cert. denied 323 U.S. 673, 65 S.Ct. 89, 89 L.Ed. 547; Hood v. United States, 152 F.2d 431, 433

---

1. Appellant has never had either a constitutional or statutory right to a jury trial on his contempt charge. 18 U.S.C. § 3691 does not confer the right to a jury trial if the alleged contempt is committed in disobedience of any lawful decree entered in any suit brought or prosecuted in the name of, or on behalf of, the United States. The S. E. C. action was plainly a suit brought on behalf of the United States. And the Barnett case held that there was no constitutional right to a jury trial on a charge of criminal contempt.

(8 Cir. 1946); West v. Gammon, 98 F. 426 (6 Cir. 1899). The jury's role is that of a trier of guilt, and where the accused admits his guilt, there is no function for the jury to perform. If Bialkin had been found guilty by a jury, it is clear there would be no six-month limitation on the district judge's power to impose sentence. Hill v. United States ex rel. Weiner, 300 U.S. 105, 57 S.Ct. 347, 81 L.Ed. 537 (1937). It makes little sense to impose such limitation where, as here, there is no issue of guilt to be resolved. Even today, appellant does not urge that he was innocent of the contempt. His claim is simply that the district court lacked the power to sentence him to more than six months' imprisonment without offering him the right to trial by jury. We think the Supreme Court did not mean to suggest that defendants who plead guilty to a contempt charge without demanding a jury trial in cases in which the United States is a party may not be imprisoned for more than six months.

The order of the district court is affirmed.