## McCRONE v. UNITED STATES.

No. 660.   Argued March 30, 1939.—Decided April 17, 1939.

*Mr. H. Lowndes Maury* for petitioner.

*Mr. Paul A. Freund,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs.*

*Sewall Key* and *Earl C. Crouter* were on the brief, for the United States.

MR. JUSTICE BLACK delivered the opinion of the Court.

The Court of Appeals dismissed petitioner's appeal from a judgment of contempt for failure to obey a District Court's order to testify before an Internal Revenue official.[1] This dismissal was proper if the contempt proceeding was civil and not criminal. A notice of appeal was filed and a bill of exceptions signed. But petitioner's appeal was not, as appeals from civil judgments were required to be, applied for or allowed by the trial judge or a judge of the Court of Appeals.[2]

The facts disclose:

On April 21, 1938, an Internal Revenue agent, acting under 26 U. S. C., § 1514 (copied in the margin),[3] served petitioner with summons to appear before him and testify in connection with the tax liability of another. Petitioner responded to the summons, but declined to give any statement or information as to the matter under inquiry. Thereupon, both the agent and the Assistant United

[1] 100 F. 2d 322.

[2] 28 U. S. C. § 230; *Alaska Packers Assn.* v. *Pillsbury,* 301 U. S. 174.

[3] "The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

States Attorney for the District appeared before the District Court, and the agent filed an affidavit of facts and prayed that petitioner be ordered to submit to such questions "as may be propounded to him . . . that are material and pertinent to the subject matter" of the investigation. After hearing, in which petitioner appeared, the District Court ordered him to appear before the agent and testify upon "all matters and facts within . . . [his] knowledge and concerning the subject matter of the inquiry and investigation, . . ." Petitioner did so appear but again declined to answer the agent's questions. After a second hearing by the District Court, petitioner was found in contempt for failure to obey the Court's previous order to testify before the agent and was ordered "held in . . . jail . . . until . . . [he] purges himself of . . . contempt by obeying the order" to testify.

Petitioner insists that no civil action was involved here and that proceedings to which the United States and its agents are parties can not be civil.[4] However, Article 3, § 2, of the Constitution, expressly contemplates the United States as a party to civil proceedings by extending the jurisdiction of the federal judiciary "to Controversies to which the United States shall be a Party." An action by the Interstate Commerce Commission to compel a witness to testify is "a direct civil proceeding, expressly authorized by an act of Congress in the name of the Commission, and under the direction of the Attorney General

---

[4] Petitioner relies on *Federal Trade Comm'n* v. *A. McLean & Son*, 94 F. 2d 802, 804. There the Court of Appeals for the Seventh Circuit said, "we became convinced that the [Federal Trade] Commission, an agency of the Government, representing no private interest of its own, but acting solely in the public interest, had no such standing as a private party that it could utilize procedure [civil contempt] intended to safeguard the rights and interests of private parties." Because of the conflict on this point in the judgment below we granted certiorari.

of the United States, against the witness . . . refusing to testify, . . ."[5] So here, the mere presence of the United States as a party, acting through its agents, does not impress upon the controversy the elements of a criminal proceeding.[6] In accordance with its constitutional authority to do so, Congress has expressly authorized such a proceeding by an agent of the United States in the federal courts "to compel . . . attendance, testimony, or production of books, papers, or other data." 26 U. S. C. § 1523.[7]

While particular acts do not always readily lend themselves to classification as civil or criminal contempts, a contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public.[8] Here, the summons served on petitioner required only that he testify in a tax inquiry properly conducted by an agent of the Bureau of Internal Revenue. And the agent's petition to the District Court, to which we may look in determining the nature of the proceeding,[9] invoked judicial assistance solely in obtaining petitioner's testimony. Authority of the court was sought to buttress the procedure for collection of taxes

---

[5] *Interstate Commerce Comm'n* v. *Brimson,* 154 U. S. 447, 470.

[6] Cf., *Helvering* v. *Mitchell,* 303 U. S. 391, 402.

[7] Cf., *Brownson* v. *United States,* 32 F. 2d 844, 848, 849; *United States* v. *First National Bank,* 295 F. 142, affirmed 267 U. S. 576.

[8] *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 441; *Fox* v. *Capital Co.,* 299 U. S. 105; *Lamb* v. *Cramer,* 285 U. S. 217, 220, 221; *Oriel* v. *Russell,* 278 U. S. 358, 363; *Ex parte Grossman,* 267 U. S. 87, 111; *Union Tool Co.* v. *Wilson,* 259 U. S. 107; *In re Merchants' Stock Co.,* 223 U. S. 629; *Matter of Christensen Engineering Co.,* 194 U. S. 458; *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324.

[9] Cf., *Lamb* v. *Cramer, supra,* 220; *Gompers* v. *Bucks Stove & Range Co., supra,* 448.

and not in "vindication of the public justice,"[10] as in criminal cases.

The judgment of contempt was civil, and appeal from it was governed by the statutory rules of civil appeals.

There remains the suggestion that the appeal in question can be considered a civil appeal properly taken under Rule 73 of the new Federal Rules of Civil Procedure which became effective September 16, 1938.[11] However, petitioner's notice of appeal was filed May 2, 1938. The controlling statute required application for allowance of a civil appeal within three months after judgment from which appeal was sought. The three months expired July 28, 1938, and the contempt judgment had become unappealable well before the effective date of the new Rules. Therefore, petitioner is not aided by the provision of Rule 86 that the new Rules shall "govern all . . . actions then pending, [September 16, 1938] . . ." This action—from which there was then no right of appeal—was not pending within the meaning of the Rule.

The Court of Appeals was not in error in dismissing petitioner's appeal for failure to comply with the statutory requirements governing civil appeals. Its judgment is

*Affirmed.*

---

[10] Cf. *Fox* v. *Capital Co., supra*, 108.

[11] "Rule 73. Appeal to a Circuit Court of Appeals.

*How taken.* When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."