**UNITED STATES v. PEARSON et al.**

No. 4892.

District Court, N. D. California, N. D.

Sept. 28, 1945.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., and Neil Clark Godfrey, Atty. for W. P. B., of San Francisco, Cal., for plaintiff.

Lewis H. De Castle, of Santa Rosa, Cal., for defendant.

WELSH, District Judge.

This is a proceeding in contempt. The plaintiff petitioned for a rule to show cause why the defendant, Seward Pearson, should not be punished for contempt. Pursuant to an order awarding a rule in contempt and order to show cause, several hearings were had.

A restraining order was entered herein on the 13th day of April, 1944, and a final decree on the 29th day of April, 1944, whereby said defendant was enjoined and restrained from continuing construction of, and from doing any act whatsoever which contributed to the completion of that certain construction project located on El Rancho del Santa Rosa, approximately seven miles northeast of the City of Santa Rosa, California. Said final decree specified: "which construction project consists of the following, to-wit: a guest cottage, superintendent's cottage, bar and office, main residence, employee's cottage (new), employee's cottage (altered) main barn, septic tank and vault, cattle crossing and bridge; (2) doing any act whatsoever in violation of War Production Board Conservation Order, L—41."

Said defendant had notice of said restraining order and said final decree. His signature appears beneath the following statement at the end of the original final decree: "The said defendant, Seward Pearson, hereby submits himself to the jurisdiction of the court, agrees and consents to the entry of the foregoing decree, and states that the findings, statements, and recitations contained therein are true."

Said petition for rule to show cause was filed herein on the 16th day of October, 1944. Annexed thereto as exhibits were affidavits of Carl L. Hanson and Conrad T. Kett, which set forth that affiants examined the aforesaid El Rancho del Santa Rosa premises on the 18th day of April, 1944, and again on the 19th day of September, 1944, and that the second examination and inspection of the premises disclosed construction work done thereon as detailed in the said affidavits.

Both affiants took the witness stand at the hearings on the 28th day of November, 1944, and the 10th day of May, 1945, testified to the same subject matter so set forth in their affidavits, and were subjected to cross-examination.

Hearings were had on several different days. Witnesses called by the Government included carpenters, painters and laborers, as well as those connected with the War Production Board. They described the condition of defendant's premises prior to April 11, 1944, and subsequent thereto. Some of said witnesses admitted working

for the defendant on the buildings mentioned in the complaint and in the petition herein during the summer of 1944.

The testimony of the witnesses on behalf of the plaintiff was more convincing than that offered by the defendant.

Photographs were introduced which graphically depicted the barn, septic tank, and numerous buildings before and after the restraining order and decree were duly given and made.

The Court cannot but conclude from the oral testimony and the photographs that the defendant did violate the injunctive and restraining provisions of its order and decree.

The Court also viewed the premises involved in this case. The inspection made of the buildings on El Rancho del Santa Rosa confirmed the testimony of the witnesses for the Government. The appearance of the structures evidenced that construction work had been done after the entry of the final decree on the 29th day of April, 1944. The Court took particular pains to ascertain whether or not the buildings themselves showed the changes which appeared in the photographs introduced in evidence by the Government. Such changes were, in fact, shown to exist.

The Court was impressed, during such viewing, with indications that attempts had been made to conceal certain of the items of construction and improvement. It was concluded therefrom that defendant became disturbed by the investigations which were made by the Government and sought to restore his premises as nearly as he could to their condition as of April 11, 1944.

Such attempts were unavailing so far as purging him of contempt is concerned. The final decree entered herein was conclusive of all matters to be determined. South Butte Mining Co. v. Thomas, 9 Cir., 260 F. 814.

Defendant's obligation was to see that said decree was precisely and promptly obeyed. He failed so to do and is guilty of contempt. In re Sylvester, D. C., 41 F.2d 231, 233.

Any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice or which is calculated to lessen its authority or its dignity is a contempt. 17 Corpus Juris Secundum, Contempt, § 8, p. 9.

Defendant's contempt consisted of a clear and open willful disregard for the authority and dignity of the Court in a manner contrary to the provisions of Title 28 United States Code Annotated, Section 385. In re Presentment by Grand Jury of Stetser, D. C., 45 F.Supp. 556, 557.

Defendant endeavored to establish that he did not fully understand said final decree and its legal effect. Such lack of understanding does not seem consistent with his ability and resourcefulness in other respects. Furthermore, every man is presumed to know everything that he can learn upon inquiry, when he has facts in his possession which suggest inquiry. Defendant must be charged with knowledge of that which it was his duty to know. United States v. Hoffman, D. C., 13 F.2d 269, 277.

Defendant, Seward Pearson, is therefore found guilty of contempt of court.