NATIONAL LABOR RELATIONS BOARD
v. LAWLEY et al.

No. 12705.

United States Court of Appeals
Fifth Circuit.

June 7, 1950.

M. A. Prowell, Special Counsel, N.L.R.B., Atlanta, Ga., A. Norman Somers, Assistant General Counsel, N.L.R.B., Washington, D. C., for petitioner.

Frank Embry, Pell City, Ala., for respondents.

Before HOLMES, WALLER, and BOR-AH, Circuit Judges.

HOLMES, Circuit Judge.

This is a proceeding in civil contempt. On Dec. 10, 1948, the petitioner and respondents consented to the entry of a decree by this court enforcing an order of the National Labor Relations Board, requiring the respondents to bargain with the International Woodworkers of America, to offer reinstatement to twenty named employees, and to pay to each of said employees a specified sum found to be owing them by the Board because of respondents' discrimination against them. The petition to have respondents adjudged in civil contempt alleges that respondents have disobeyed the decree entered by this court on March 4, 1949, in that they have not paid to any of the employees any part of the sums which they were commanded to pay. A rule to show cause was issued, and the respondents filed a motion in this court to dismiss the petition on the ground that the petitioner was without authority to maintain the proceedings because a labor organization, known as the International Woodworkers of America, was not the representative of the parties named in the petition; but that question and issues presented by the petition are moot.

Without waiving its motion to dismiss, the respondents answered the petition, denying that they had failed and refused to obey the provisions of the decree, and alleging that they had in good faith complied with the court's decree. In support of their position, they filed affidavits showing that twelve of the employees had received checks and had endorsed them back to respondents, but the evidence does not convince us that the endorsement and redelivery of these checks was a free and uncoerced act of these employees. Photostatic copies of the checks have been supplied us. In reply to respondents' answer, the petitioner filed affidavits showing that none of the employees received any part of the proceeds of the checks and that respondents have not paid eight of the named employees anything, but offered to deliver them checks for the amount due them only on the condition that the Board agree that delivery thereof would satisfy all of respondents' obligations for the payment of money under the court decree and constitute full compliance on its part. The Board refused to accede to the

condition upon which delivery of the checks was offered, and the checks were not delivered.

 This being a proceeding in civil contempt, the question for decision is not one of intent, but simply whether respondents have complied with the court's order. From the affidavits presented, it is obvious to us that none of the twenty named employees have received any part of the sum which the decree ordered paid to them. The employees who received the checks and endorsed them back to the respondents did not receive any of the money that the court ordered paid to them, and there are eight employees who have not been offered any payment at all. For so failing to do as directed by the court, the respondents have left us with no other alternative than to find them in contempt of court.

There is no merit to respondents' motion to dismiss because, under the National Labor Relations Act,[1] the authority to apply to the Court of Appeals to have an employer adjudged in contempt for failure to obey a decree enforcing an order of the National Labor Relations Board lies exclusively in the Board itself, acting as a public agency. A labor organization has no standing to make such an application by virtue of having filed the charges upon which the Board's proceedings were initiated.[2] Respondents' contention that the cause has become moot because the local union of the International Woodworkers of America has been dissolved is of no concern to us because, in addition to requiring respondents to bargain with the International Woodworkers of America, the decree required them to pay twenty named employees a specified sum of money, which they have not paid. The motion to dismiss is denied, and the petition to have respondents adjudged in civil contempt is granted. They are hereby so adjudged, but are given sixty days in which to purge themselves of the contempt by complying in full with this court's original order. Respondents will not be required to reimburse the Board for the costs incurred in the bringing of this proceeding if they purge themselves of contempt within the sixty days above granted.

1. 49 Stat. 449, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

2. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S. Ct. 561, 84 L.Ed. 738.