22 N.J. Super. 292 (1952)
92 A.2d 43
WILLIE L. DANES, PLAINTIFF-APPELLANT,
v.
ADA H. SMITH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided October 23, 1952.
*293 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Raymond F. Brady argued the cause for the appellant (Miss Inez M. Stanziale, attorney).
Mr. Robert P. Silberman argued the cause for the respondent.
The opinion of the court was delivered by BIGELOW, J.A.D.
The judgment rendered in a criminal contempt proceeding is not reviewable on appeal in the absence of statute, except for lack of jurisdiction. Attorney General v. Verdon, 90 N.J.L. 494 (E. & A. 1917); Zimmerman v. Zimmerman, 12 N.J. Super. 61 (App. Div. 1950). Our statute on the subject gives an appeal only upon a conviction of the charge of contempt; in the event the accused is acquitted, it does not give to the State or to the person who initiated the proceeding an appeal. N.J.S. 2A:10-3. The present appeal, so far as it seeks a review of the acquittal of the respondent, must be dismissed if the proceeding was one in criminal rather than civil contempt. And see U.S. ex rel. West Virginia-Pittsburgh Coal Co. v. Bittner, 11 F.2d 93 (C.C.A. 4, 1926). Under our present rules, a contempt proceeding, whether criminal or civil, is given the title of the principal cause, and an inquiry into the exact character of the proceeding may present much difficulty.
The action in which the alleged contempt occurred was *294 begun May 17, 1951, and the same day an order was made restraining the defendant "from further dealing with the said real estate (mentioned in the complaint) and the income therefrom." A month later a receiver was appointed "to take charge of said lands and premises described in said complaint, known as 221 South Clinton Street, East Orange, New Jersey, to manage the same, to make mortgage payments and pay other carrying charges, debts, with full power to sue for, collect and receive rents, issues and profits thereof, or any part thereof, at such time or times as may be necessary or proper, and for that purpose to make agreements or leases for rental of said premises, or any part thereof; and otherwise to do all things necessary or proper for the due care and proper management of said lands and premises." By the same order that appointed the receiver, the defendant was "enjoined from collecting or receiving all or any part of the rents, issues, profits of said lands and premises now due or hereafter becoming due."
In March 1952 the plaintiff presented a petition showing that "the said premises included a valuable rooming house business," and that the defendant had removed valuable furniture from the premises and substituted old furniture, that she had not accounted for rents collected and that she had interfered with the receiver and the property given into his custody. He prayed that defendant "be held to be in contempt for violation of the said restraining orders," and "for interference with the property in possession of said Receiver appointed by the Court"; and that she be required to "make discovery and account to said Receiver for all property removed from said premises as aforesaid"; and that the plaintiff might have "such further relief as the facts developed at the hearing" might justify.
An order to show cause issued accordingly, and on June 3, 1952 the matter came on to be heard. At this point it was entirely uncertain whether the proceeding was criminal or civil. Should the defendant be found guilty, she might be sentenced to imprisonment for a certain time as punishment, *295 or she might be imprisoned until she returned the furniture or paid for it. Beatty v. Wunschel, 122 N.J. Eq. 286 (Ch. 1937). At the opening of the trial, counsel for the plaintiff, in reply to an inquiry by the court, said that he thought the proceeding was civil insofar as the petition sought "a discovery and a turning over to the receiver of the items that are found improperly removed," and criminal "insofar as the main part of the case is concerned." Counsel for defendant stated that it appeared to him that the proceeding was solely criminal. The trial then proceeded on the latter theory. When counsel for plaintiff, acting as prosecutor by instruction of the court, announced that he rested, defendant's counsel moved that the proceeding be dismissed because the evidence was insufficient to sustain the charges against her. After argument, the motion was granted and the order entered from which the appeal is taken.
The plaintiff seems to have entertained the view that the proceeding could be regarded as if it comprised two distinct parts  the contempt proceeding, and the proceeding for discovery and account  and that these two parts could be tried simultaneously. In our opinion, that view of the matter could not properly have been accepted. A charge of contempt is too serious to be confused with some other matter. The trial court correctly treated the whole proceeding as one sounding in contempt. The plaintiff apparently accepted that position at the trial as well as on the appeal. Both parties agreed from the beginning of the trial that the contempt charge was of a criminal nature. It follows for the reasons stated at the beginning of this opinion that the judgment is not reviewable, and the appeal must be dismissed. No costs will be allowed.