61 N.J. Super. 363 (1960)
160 A.2d 864
DEPARTMENT OF HEALTH, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PETER ROSELLE, ET AL., ETC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1960.
Decided May 16, 1960.
*364 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. William L. Boyan, Deputy Attorney General, argued the cause for the plaintiff-appellant (Mr. David D. Furman, Attorney General, attorney).
Mr. Samuel A. Larner argued the cause for the defendants-respondents (Messrs. Budd, Larner & Kent, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
This is an appeal by the Department of Health from a judgment of the Superior Court, Chancery Division, which stated that it found the defendants "not guilty of * * * civil contempt" of a prior consent injunction which had directed the defendants to "cease violating the New Jersey Air Pollution Control Code, as promulgated and adopted by the Air Pollution Control Commission."
Pursuant to section 8 of the Air Pollution Control Act (N.J.S.A. 26:2C-1 to 23), the Air Pollution Control *365 Commission duly promulgated the Air Pollution Control Code. Chapter II of said Code provides:
"1.1 No person shall cause, suffer, allow or permit open burning of refuse * * *."
Chapter I, section 1.1, defines refuse as including garbage, rubbish and trade waste, and section 1.6 defines open burning as "any fire wherein the products of combustion are emitted into the open air and are not directed thereto through a stack or chimney." N.J.S.A. 26:2C-19 empowers the Department of Health to seek an injunction enjoining "any further violation of such code, rule or regulation."
Defendants have long been in conflict with the interdictions of the Code. Apparently the "conference, conciliation and persuasion" required by section 14 of the act failed, for the Department instituted the administrative proceedings required by sections 15 to 17 of the act and, after a hearing, the Department on November 26, 1957 ordered the defendants (under section 18) to "take such action as may be necessary to prevent violation of Section 1.1, Chapter II, of the New Jersey Air Pollution Control Code and * * * cease violation of said Code * * * on or before March 1, 1958."
The fires continued, so on December 3, 1958 the Department instituted action in the Superior Court for an injunction "[d]irecting said defendants * * * to cease * * * violating the Order of the State Commissioner of Health, dated November 26, 1957, and the New Jersey Air Pollution Control Code," and for the $100-per-week penalty provided by section 19 of the act. On January 26, 1959 defendants consented to a judgment which enjoined them to "cease violating the New Jersey Air Pollution Control Code." The demand for the $100-per-week penalty was not mentioned in the judgment.
On March 5, April 30, May 14, July 6, September 11 and September 18, 1959 representatives of the Department observed smoke or fires on defendants' dump. Conversations *366 with defendants having proved fruitless, the Department moved for an order:
"* * * (1) Holding the defendants in contempt for failure to comply with the Judgment of this Court entered against them on January 26, 1959;
(2) That they cease the open burning of refuse and other matter in violation of the New Jersey Air Pollution Control Code;
(3) That the defendants be committed and held in close custody until the Judgment and Order of the Court are complied with; and
(4) That the defendants be fined $50.00 payable to the State of New Jersey as provided by N.J.S. 2A:10-5."
After taking testimony, the trial court stated orally:
"On this application, gentlemen, the Court feels that after all the proof and in the light of recognizing the burden of the State to establish a willful and deliberate act of conduct or misconduct, rather, under the violation of the terms of the judgment, that that degree of proof has not been sustained. The motion to hold the defendants in contempt will be denied."
In accordance with that statement the trial court entered a judgment from which this appeal has been taken.
Defendants move for a dismissal of this appeal on the ground that there can be no appeal from an acquittal of criminal contempt. Danes v. Smith, 22 N.J. Super. 292, 293 (App. Div. 1952). But a plaintiff who has the right to institute civil contempt proceedings has the correlative right to appeal from an adverse judgment. In re Richardson, 31 N.J. 391 (1960). We are of the opinion that the proceedings now before us were for civil contempt. The judgment itself says so. N.J.S. 2A:10-5, under which plaintiff asked that defendants "be fined $50.00" applies only to contempts "primarily civil in nature." Furthermore, the notice of motion asked "[t]hat the defendants be committed and held in close custody until the Judgment and Order of the Court are complied with." The presence of such a purge clause "is a decisive characteristic of civil contempt." Maggio v. Zeitz, 333 U.S. 56, at page 68, 68 S.Ct. 401, at page 407, 92 L.Ed. 476, at page 486 *367 (1948). Defendants' brief argues that "[t]here was no continuing violation * * * which could be terminated by the act of the parties," but defendants certainly can substantially reduce, and perhaps prevent altogether, offensive fires on their property.
A motion for an adjudication for contempt is sometimes used to obtain a ruling on a disputed proposition of law which, once settled, will be obeyed by the defendant. See, e.g., In re Richardson, supra. The case at bar presents such a situation. Defendants contend that they are not in violation of the injunction granted in January 1959 or of the Code because the fires have been "without the fault, participation or instructions of said defendants * * * [t]he burning * * * was not wilful in character and was not initiated by any of the defendants" and "[a]t no time did the defendants wilfully violate the judgment of this court on January 26, 1959, and at no time did they wilfully violate the provisions of the * * * Code." The Department's view, on the other hand, is that defendants must take positive action to prevent and to stop offensive fires on their dump.
The Department's position is correct. The Code not only provides that "no person shall cause" but also that he shall not "suffer, allow or permit open burning." The injunction did not spell this out, and it may well be that the defendants truly misunderstand their duties, and what they must do to comply with the injunction and the Code. If that be so, the trial court may reflect that fact in the size or the denial of the requested fine, and by specifying the means to be used hereafter by defendants to bring themselves into compliance.
In McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949), the District Court had entered an order forbidding the defendant to pay less than the minimum wage fixed by law, and requiring the payment of overtime and the keeping of accurate time records. When the Labor Department discovered the defendant's violation *368 of this order it started contempt proceedings, praying that defendant make restitution to its cheated employees. The District Court held that civil contempt requires a "wilful" violation of the decree, and since no such showing had been made it was powerless to order compliance with its former decree. The Supreme Court of the United States sustained the power of the Department of Labor to take an appeal and held (336 U.S., at page 191, 69 S.Ct., at page 499, 93 L.Ed., at page 604):
"* * * Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions. And the grant or withholding of remedial relief is not wholly discretionary with the judge, as Mr. Justice Brandeis wrote for a unanimous Court in Union Tool Co. v. Wilson, 259 U.S. 107, 111, 112, 66 L.Ed. 848, 851, 852, 42 S.Ct. 427. The private or public rights that the decree sought to protect are an important measure of the remedy."
See also Penfield Co. v. S.E.C., 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117 (1947); McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108 (1939); Annotation, 61 A.L.R.2d 1083, 1104 (1958); Moskovitz, "Contempt of Injunctions, Civil and Criminal," 43 Colum. L. Rev. 780 (1943).
From what we have said it follows that the trial court was in error in basing its denial of the Department's motion upon the ground that plaintiff had failed to show defendants' wilful violation. Our examination of the evidence satisfies us that even under the defendants' version of the events they have violated the injunction and the Code and thus are in civil contempt of the injunction. Consequently, we remand the case to the Chancery Division to determine whether to impose a fine and for further proceedings not inconsistent with this opinion.