**Samuel P. NORTON and Beatrice Norton,
Plaintiffs,**

v.

**Robert RIDDLE, District Director of Internal Revenue at Los Angeles, California, and Mortimer Caplin, Commissioner of Internal Revenue, Defendants.**

**Civ. No. 63-874.**

United States District Court
S. D. California,
Central Division.

July 9, 1964.

Francis C. Whelan, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, with Thomas H. McPeters, Asst. U. S. Atty., Los Angeles, Cal., personally appearing, for Robert A. Riddle, District Director of Internal Revenue, Los Angeles District.

Samuel P. Norton, Beverly Hills, Cal., for Samuel P. Norton et ux.

ALBERT LEE STEPHENS, Jr., District Judge.

On July 22, 1963, plaintiffs filed a complaint and Application for Order of Enforcement of Subpoena Duces Tecum pursuant to Section 7402(b) of the Internal Revenue Code [26 U.S.C. § 7402(b)]. The complaint asks the Court to issue an order requiring defendant Robert Riddle, District Director of Internal Revenue at Los Angeles, to appear before the Tax Court of the United States in a proceeding brought by the plaintiffs for a redetermination of alleged deficiencies in federal income tax owed by them and to there produce the documents and records described in a subpoena duces tecum duly issued by the Tax Court. In addition, plaintiffs seek to have the six dockets

pending in the Tax Court transferred to this Court for trial or, in lieu thereof, an order directed to the defendant Commissioner to serve upon the plaintiffs amended and corrected deficiency notices.

The Tax Court sustained a motion made by defendant to quash the subpoena in question. Plaintiffs contend that the Tax Court does not have the power to quash subpoenas and in so doing deprive this Court of its jurisdiction to enforce subpoenas issued by the Tax Court.

The defendant has moved to dismiss this action on two grounds:

(1) This Court lacks jurisdiction over the subject matter of the action;

(2) The complaint fails to state a claim upon which relief can be granted. The defendant's motion is premised upon the argument that the Tax Court is empowered to quash a subpoena issued in its own proceeding and, therefore, there is no outstanding subpoena upon which this Court can act.

The Court concludes that the Tax Court has the right to quash subpoenas issued in its own proceeding upon the objection made by the party served that the subpoena reaches documents which are not necessary or appropriate items of discovery.

It is true as plaintiffs argue that Rule 44 of the Tax Court Rules of Practice provide for the automatic issuance of a subpoena in blank upon the request by a proper party. This procedure parallels the practice of this Court. If the party served has objections to the subpoena thus issued, he can refuse to obey the subpoena in which case a proceeding to enforce the subpoena can be brought in this Court or he can present his objection to the Court issuing the subpoena. The Tax Court is in a better position to determine necessity and propriety of the subpoena issued by it in its proceeding and if quashing the subpoena is error, its determination is subject to review by the United States Court of Appeals.

Since this Court decides that the Tax Court has the power to quash subpoenas issued in its own proceedings, and the Tax Court has quashed the subpoena in question, there is no subpoena upon which this Court can act. Accordingly, the Motion to Dismiss is well taken and the cause must be dismissed with prejudice. F.R.Civ.P., Rule 12(b) (1) and (6).

Moreover, the cause pending in the Tax Court cannot be transferred to this Court for trial. The plaintiffs elected to seek a redetermination of the alleged tax deficiencies in the Tax Court rather than to pay the tax owed and then sue in the District Court for a refund. Plaintiffs allege that they cannot and will not receive a fair and impartial trial in the Tax Court, but the contrary must be assumed to be true. Upon orders specifying the amount of deficiency or final orders disposing of the litigation, a review by the Court of Appeals is available and is the exclusive remedy to review decisions of the Tax Court. Internal Revenue Code, Sections 7482(a) and 7483. Upon such review, plaintiffs can challenge the Tax Court's refusal to require the Commissioner to file amended and corrected notices of deficiency. See Licavoli v. Commissioner, 318 F.2d 281 (6 Cir., 1963). Plaintiffs have not cited and the Court has not found statutory or case authority to permit the granting of the relief requested.

It is hereby ordered that the cause be dismissed with prejudice for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. F.R.Civ.P., Rule 12 (b) (1) and (6).