**In re Ruby LAZARUS.**

**Misc. No. 1598(a).**

United States District Court
C. D. California.

Oct. 20, 1967.

See also D.C., 276 F.Supp. 434.

William M. Byrne, Jr., U. S. Atty., Gerald W. Uelmen, Asst. U. S. Atty., Special Prosecutions Division, Los Angeles, Cal., for the United States.

Thomas F. Call, Los Angeles, Cal., for Ruby Lazarus.

### ORDER RELEASING WITNESS FROM CUSTODY

HAUK, District Judge.

This proceeding arises upon motion of the United States Attorney in charge of the within matter requesting a hearing to determine whether the Grand Jury witness Ruby Lazarus should be released from custody after purging himself of contempt by answering Grand Jury questions in compliance with previous Orders of the Court.

On March 16, 1967 the witness Lazarus surrendered to the United States Marshal in Los Angeles, his bond was exonerated and he was committed to the custody of the Attorney General and incarcerated in the Los Angeles County Jail where he has been held continuously for more than seven months. In re Lazarus, 276 F.Supp. 434 (C.D.Cal.1967).

No appeal has been taken and no further proceedings have been instituted on behalf of the Government or the witness until the present moment—October 18, 1967—when the Government by special motion requested the Court to conduct a hearing. Until this moment, therefore, it had appeared that by his continuing contempt in refusing to answer the questions of the Grand Jury, the witness had deliberately decided to "keep the key of his prison in his own pocket" and be incarcerated in self-imposed silence for the duration of the Grand Jury's term, that is, until March 21, 1967.

At today's proceedings pursuant to the Government's request, good and sufficient showing was made to the Court by Assistant United States Attorney Gerald F. Uelmen, now in charge of this matter, that the witness Lazarus appeared before the Grand Jury this morning and testified and produced evidence before the Grand Jury in compliance with the Orders of the Court heretofore entered on March 9 and 10, 1967.

Having thereby terminated his contumacious disobedience of the Court's Orders and having purged himself of civil contempt, the witness Lazarus has now "pulled the key from his own pocket",[1] unlocked the door of his self-im-

---

1. Shillitani v. United States, 384 U.S. 364, 368, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622, 626 (1966).

posed detention, and effectively proclaimed his rescue from the judicial suicide he had voluntarily embraced. By his own choice he had asked for his legal "death" and suffered it. Again, by his own choice he has now achieved his legal "resurrection" and steps forth from the silence of the penitential tomb, ready to return to life in society with his freedom regained.[2]

To attest this restoration and in vindication of the right of the Grand Jury to ask for and receive answers, as well as the power of the Court to insist upon and require them, the Court finds that the witness Lazarus has answered the questions of the Grand Jury as heretofore ordered and is now entitled to the following order which the Court now makes and enters:

### ORDER RELEASING WITNESS FROM CUSTODY

An order having been entered by this Court on March 9, 1967, compelling Ruby Lazarus to testify and produce evidence before a duly constituted Grand Jury of the Central District of California, pursuant to Title 47, United States Code, Section 409 (1);

And the said Ruby Lazarus on March 10, 1967, having been found in contempt of this order and committed to the custody of the Attorney General, or his authorized representative until such time as he should comply with the order of this court and answer the questions of the aforesaid Grand Jury;

And Ruby Lazarus having appeared before the said Grand Jury on October 18, 1967, and having testified and produced evidence before the said Grand Jury in compliance with the order of this Court;

IT IS HEREBY ORDERED that Ruby Lazarus be released from the custody of the Attorney General or his authorized representative forthwith.

---

2. Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622, 627 (1966); McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108 (1939); Giancana v. United States, 352 F.2d 921, 922 (C.A. 7th 1965); cert. den. 382 U.S. 959, 86 S.Ct. 437, 15 L.Ed. 2d 36 (1965).