**RAFTER**

v.

**CARRIER CORPORATION and Melvin Holm.**

No. M 18–304.

United States District Court,
S. D. New York.

May 14, 1969.

Robert V. Rafter, pro se.

Herman Seid, New York City, for respondents.

COOPER, District Judge.

Petitioner moves this Court for an order pursuant to 26 U.S.C. § 7402(b) enforcing a subpoena issued in a United States Tax Court proceeding and holding respondents in contempt for failure to comply with said subpoena. Motion denied.

Petitioner, as plaintiff in the proceedings entitled Rafter v. Com'r of Internal Revenue, docket nos. 2044–67, 3976–68, allegedly obtained service of a subpoena issued on November 15, 1968, upon respondent Holm on November 21, 1968.[1] Such subpoenas are issued to a party upon request in blank for the party to complete. See Tax Court Rule 44.

At the outset of trial on December 4, 1968, petitioner was informed by Judge Hoyt, who presided at the Tax Court trial, of a letter dated November 27, 1968 from Seid, Holm's attorney, to the Clerk of the Tax Court, New York City, denying personal service and stating that Holm would not appear pursuant

---

1. Petitioner attaches copies of the subpoenas which on their face indicate proper service. Respondents submit affidavits of Holm and his attorney Seid denying personal service upon Holm. See Tax Court Rule 44(d). We need not reach this issue here.

thereto. By petitioner's admission Judge Hoyt thereupon informed petitioner that he could seek enforcement of that subpoena in the District Court. Petitioner further admits that he chose to ignore Judge Hoyt's advice at that time. Moreover, petitioner does not allege that he at any time sought a continuance to secure Holm's testimony at the Tax Court trial.

Petitioner does not contest that the taking of evidence in his Tax Court case was completed on December 5, 1968. See Affidavit of Marvin A. Fein, trial attorney for the IRS in petitioner's Tax Court case, April 23, 1969. At this date the parties are in the process of completing the filing of post-trial briefs in the Tax Court, and no decision has been rendered as to the merits of petitioner's claim therein.

■ In petitioner's affidavit of March 24, 1969, in support of the within motion, he stated: "No application for this or any similar relief has been sought by Petitioner in this or any other Court." In point of fact, on December 24, 1968 petitioner moved pursuant to Tax Court Rule 19(e) in the Tax Court for further trial so as to permit the taking of Holm's testimony, among others, and for an order requiring Holm to appear and testify in accordance with the subpoena.[2] That motion was denied without opinion by Judge Hoyt on January 3, 1969.

We are first confronted with petitioner's contention that the parties entered into an oral agreement on April 1, 1969, the terms of which are set forth in a proposed order submitted by petitioner, whereby Holm agreed to appear for the taking of an oral deposition. Assuming without deciding that such an agreement was in fact entered into, upon the request of respondents and for the reasons assigned in their Supplemental Affidavit of April 8, 1969, such agreement is hereby abrogated and set aside.

■ We turn now to petitioner's motion for contempt. It is well established that the jurisdiction granted this Court by 26 U.S.C. § 7402(b) is solely for civil and not criminal contempt. See McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108 (1939); Goldfarb, The Contempt Power 49–67 (1963). The statute itself makes that clear by its terms:

"If any person is summoned under the internal revenue laws to appear, to testify or to produce books, papers or other data, the district court of the United States for the district in which such person resides or may be found *shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers or other data.*" 26 U.S.C. § 7402(b) (emphasis supplied).

■ Civil contempt is solely remedial and for the purpose of benefiting a private party to a legal proceeding, not for the purpose of punishment. See McCrone v. United States, *supra*; Goldfarb, The Contempt Power (1963). In this case, enforcing the subpoena by compelling compliance, whether by deposition of Holm or otherwise, is no longer relevant to the Tax Court proceeding, the record of which is presently closed. The purpose for which the subpoena issued, i. e. to compel testimony at the Tax Court proceedings, can no longer be effectuated.

■ Accordingly, as enforcement will neither serve a useful purpose nor benefit petitioner, his motion pursuant to 26 U.S.C. § 7402(b) is denied.

This shall be considered an order; settlement thereof is unnecessary.

2. The Tax Court lacks jurisdiction to enforce its subpoenas. See 9 Mertens, Law of Federal Income Taxation § 50.87 at 236 (1965); MacRae v. Riddell, 350 F. 2d 291 (9th Cir. 1965), affirming 234 F. Supp. 105 (S.D.Cal.1964).