875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GANNETT OUTDOOR COMPANY, OF MICHIGAN, Plaintiff-Appellant,
v.
CITY OF WESTLAND, and Robert Fritz, Paul Diefenbach, and
George Wilhelmi, Defendants-Appellees.
 No. 88-1662.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM:
 
 
 1
 Gannett Outdoor Company ("Gannett") appeals the order of the district court finding it in contempt of the court's order that Gannett return building permits issued to Gannett by appellee, City of Westland ("Westland") and to remove three billboards constructed pursuant to the permits. For the following reasons, we VACATE the order of the district court.
 
 I.
 
 2
 In 1985, Gannett applied for building permits to erect three billboards in Westland. Westland denied Gannett's permit application and revoked a previously issued permit on the grounds that the billboards would violate Westland's Zoning Ordinance No. 129. Gannett filed an action under 42 U.S.C. Sec. 1983 challenging the constitutionality of Westland's zoning ordinance and requesting declaratory and injunctive relief. The district court declared Ordinance No. 129 unconstitutional and granted Gannett's motion for partial summary judgment. Westland, however, still refused to issue the permits, and Gannett filed a motion for contempt which the district court granted.
 
 
 3
 In response to the district court's order to show cause, Westland finally issued the permits, but appealed the district court's original order. Upon consideration of that appeal, this court issued a per curiam opinion vacating the district court's order and remanding the case in light of the intervening decision by this court in Wheeler v. Kentucky, 822 F.2d 586 (1987). Gannett v. City of Westland, No. 86-1573, (August 31, 1987). On remand, Westland filed a motion in the district court requesting a return of the permits and of the contempt sanctions in light of this court's reversal on appeal. The district court granted Westland's request for a return of the sanctions and the permits, and denied Gannett's request for a preliminary injunction.
 
 
 4
 When Gannett refused to return the permits and remove the billboards, Westland requested that the district court hold Gannett in civil contempt. The district court issued an order for Gannett to show cause why it should not be held in contempt for failure to remove the billboards and return the permits. After hearing oral argument, the district court found Gannett in contempt and imposed sanctions in the amount of $3,000 against Gannett for its failure to comply with the court's order, and imposed an additional sanction of $5,000 a day for each day that the billboards remained after a five day grace period.
 
 
 5
 Within the five days, Gannett removed the billboards and paid the $3,000 to the clerk of the district court. Gannett then filed a motion for reconsideration of the $3,000 fine, arguing that it was unclear whether the sanction was a civil or criminal sanction and therefore, the sanction was improperly imposed. The district court denied Gannett's motion for reconsideration, holding that Gannett's disobedience was willful beyond a reasonable doubt and therefore justifying the imposition of the $3,000 fine as a criminal contempt sanction.
 
 II.
 
 6
 Gannett contends that the district court erroneously imposed a fine against it for contempt,[1] because the $3,000 fine can not be justified either as a civil or a criminal contempt penalty.
 
 A.
 
 7
 The purpose of civil contempt in this circuit is to "compel obedience to a court order and [to] compensate for injuries caused by noncompliance." TWM Mfg. Co. v. Dura Corp., 722 F.2d 1261, 1273 (6th Cir.1983) (quoting McCrone v. United States, 307 U.S. 61, 64 (1939) (emphasis added)); see also In re Jacques, 761 F.2d 302, 305-06 (6th Cir.1985) cert. denied, 475 U.S. 1044 (1986). Civil contempt would only be appropriate to compensate Westland for Gannett's past noncompliance and to force Gannett to comply with the court's order. A fine for civil contempt, however, must be "wholly remedial." Nye v. United States, 313 U.S. 33, 42-43 (1941) (quoting McCrone, 307 U.S. 61 at 64). Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." United States v. United Mine Workers, 330 U.S. 258, 304 (1947). Since there was no evidence that Westland suffered any actual economic loss[2] due to Gannett's noncompliance and because the $3,000 fine was not conditioned on future noncompliance (in that the district court specifically imposed a conditional fine of $5,000 a day for failure to remove the billboards), the fine was obviously punitive, and therefore a sanction for criminal--not civil--contempt.
 
 B.
 
 8
 Gannett also argues that the $3,000 fine fails as a sanction for criminal contempt. We agree. The district court's order to show cause did not identify the contempt proceedings as criminal, and therefore, failed to comply with the procedural guidelines of Fed.R.Crim.P. 42(b), which provides, in pertinent part:
 
 
 9
 A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for preparation of the defense, and shall state the essential facts constituting the criminal contempt charge and describe it as such.
 
 
 10
 Fed.R.Crim.P. 42(b) (emphasis added). The Advisory Committee Notes accompanying Rule 42(b) point out that by requiring notice of criminal contempt proceedings, Rule 42(b) was specifically designed to "obviate the frequent confusion between criminal and civil contempt proceedings."
 
 
 11
 In this case, there was no indication in the order to show cause that the contempt charges were criminal. In fact, Westland's petition specifically stated that it was a petition to show cause why Gannett should not be held in contempt for failing to return the permits and remove the billboards as ordered and requested the court to "impose upon plaintiff such sanctions for civil contempt." Therefore, since the court's order to show cause was in direct contravention with the notice requirement of Fed.R.Crim.P. 42(b), the fine can not stand as a sanction for criminal contempt.
 
 III.
 
 12
 Accordingly, for the foregoing reasons, we VACATE the order of the district court.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The district court's original finding suggests that it considered that the $3,000 fine was valid as either a civil or criminal contempt sanction. However, when the district court denied Gannett's motion for reconsideration it made a retroactive finding of willfulness, thus identifying the sanction as a criminal sanction
 
 
 [2]
 In a separate order, the district court instructed Gannett to pay the amount of attorney fees incurred by Westland in its pursuit of compelling Gannett's compliance with the court's order to remove the billboards