[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE PLAINTIFF'S MOTION FOR CONTEMPT; THEDEFENDANT'S MOTION TO REOPEN AND MODIFY JUDGMENT AND THE PLAINTIFF'SMOTION FOR CONTEMPT
Judgment was entered on July 26, 1993 dissolving the parties' marriage after a limited contested trial. In entering judgment the court found the plaintiff's earning capacity to be
 "$70,000.00 a year net, based on his tax returns. Based on those numbers he is ordered to pay by way of child support the sum of a hundred and seventy five dollars per week, per child, until each child dies, becomes emancipated, or reaches 18, whichever event first occurs. In other words, your obligation for child support for each child terminates as each child reaches 18. CT Page 4352
 The defendant is further ordered to pay the sum of a hundred dollars per week as alimony, periodic alimony, until the death of either party, the plaintiff's remarriage, or ten years from this date, whichever event first occurs. A contingent wage withholding order shall issue."
Prior to entry of judgment, the defendant had filed a Chapter 7 petition with the U.S. Bankruptcy Court, District of Connecticut where it continues to pend. The defendant had been in the auto body repair business. On or about the time of judgment the defendant made an arrangement with David Maquire, owner of Eastern Auto Body located in Norwalk, to use his facilities. There was $550.00 salary agreed upon. The defendant attempted to encourage his clientele or following to follow him to Norwalk. A compensation arrangement in lieu of rent was on a "per job" basis. This arrangement survived until the fall of 1994. The $550.00 was not paid on a regular basis. Mr. Maquire was called as a witness and, on cross examination, testified that a "full auto body man" such as the defendant should command $600.00 to $700.00 weekly net wages.
While at Eastern the defendant had gross income of $30,774.00 for the period August, 1993 through October 31, 1994 with parts purchased of $8,311.00, (Plaintiff's Exhibit #2), for net income of $22,463.00 before taxes. During this time the defendant was being subsidized by his lady friend, (Plaintiff's Exhibit #1).
During 1994 the defendant paid $2,200.00 alimony per his U.S. income tax return form 1040, (Plaintiff's Exhibit #10)
The parties have agreed that the accumulated arrears on the periodic orders total $9,900.00 to November 1, 1994. From November 2, 1994 to March 21, 1996 the defendant had paid $9,350.00 and an additional arrears of $23,950.00 had accumulated. Adding the prior arrears of $9,900.00 and the additional arrears of $23,950.00 the court now finds an arrearage, as of March 21, 1996, of $33,850.00.
After leaving Eastern the defendant found employment at a gasoline station at $10.00 hourly wage and for a construction company at the same rate.
The defendant then obtained employment at Luke's Auto Body on CT Page 4353 or about the last week of February, 1995. The defendant has remained employed by Luke's to the present time. For 1995 the defendant was given Form 1099-Misc. listing nonemployee compensation of $19,750.00,, (Plaintiff's Exhibit #11).
The defendant's affidavit dated March 21, 1996 sets forth gross wage of $500.00 weekly, taxes totaling $122.00 and a weekly net of $378.00. He has consistently paid $150.00 weekly to the plaintiff.
The hearing on these motions began on February 24, 1995. The attorney for the plaintiff stated that at the time of entry of judgment, the defendant was "essentially unemployed", that the commercial real estate on which his business had stood was lost by foreclosure and the marital home was also lost to foreclosure.
The court's earlier finding of earning capacity when judgment was entered has failed to materialize and, in light of the events in the time since the judgment, have proven to be too optimistic.
It is appropriate to base alimony and child support orders on the earning capacity of the payor rather than the actual earned income under certain conditions, Schmidt v. Schmidt, 180 Conn. 184,189. When the earnings of the payor are voluntarily depleted so as to deprive the spouse of financial support the court may utilize earning capacity as the basis for its orders, Miller v.Miller, 181 Conn. 610, 612.
Since early 1995 the defendant has held the same position with Luke's. There is no evidence in the record to indicate that he is voluntarily keeping himself underemployed. There is no present reason to invoke earnings capacity as the basis for this court's orders. Since the court, at the entry of judgment utilized an earning capacity of $70,000.00 annual net, or $1,346.00 weekly, there has been a substantial change in circumstances. Because the defendant's current net disposable weekly income is found to be $378.00, the current orders exceed his income. His motion for modification is granted. Since the defendant's motion was not served pursuant to § 52-50, C.G.S. there can be no retroactivity pursuant to § 46b-86(a), C.G.S. cf. Shedrick v. Shedrick, 32 Conn. 147 (1993).
Addressing the plaintiff's allegations of contempt the court must keep in mind that CT Page 4354
 "[A] contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. McCrow v. United States, 307 U.S. 61, 64, 59 S.Ct. 685, 83 L.Ed. 1108" McTigue v. New London Education Association, 164 Conn. 348, 352.
 "The inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt." Tobey v. Tobey, 165 Conn. 742.
The defendant has been paying $150.00 weekly for over one year, from his net weekly earnings of $378.00. Based on his income the court does not find that the defendant is in wilful violation of the court's orders. The court finds that, although his level of skill and experience should command $600.00 to $700.00 weekly net, the plaintiff has not proven that the defendant is intentionally avoiding available work at the higher paying level, Miller, supra.
Conversely, the defendant, who has the burden of proving an inability to comply, has convinced the court he does not possess the current ability to comply, Leslie v. Leslie, 174 Conn. 399,403.
The court finds that the award of attorney's fees with the final judgment to be in the nature of alimony. Since the defendant has no present means of paying it, the court finds no reason to enter any further order. It is due and remains due.
In closing argument the attorney for the plaintiff characterized the alimony and child support orders as punitive. However,
 "The primary basis for an award of alimony has been not to punish a guilty spouse but to continue the duty to support . . ." Hotkowski v. Hotkowski, 165 Conn. 167, 170.
Orders
1. The plaintiff's motion for contempt (#134) is denied. CT Page 4355
2. The plaintiff's motion for contempt (#135) is denied.
3. The defendant's motion for modification is granted. The plaintiff lists $500.00 net weekly income. The total combined net weekly income is $878.00. The defendant's share is 43%. For two children the combined support is $303.00. The defendant's share is $130.00. The defendant is ordered to pay to the plaintiff as child support $130.00 weekly, commencing on May 17, 1996. In addition, he is ordered to pay $50.00 weekly on the arrearage, but allocated to the child support arrears initially until that arrears is paid. The periodic alimony order is reduced to $1.00 per year effective on May 17, 1996.
HARRIGAN, J.